Good morning, Your Honor. Jeff Tillotson here on behalf of the appellant, the PLS defendants in the case. This case presents three issues. First, whether the district court erred in not reconsidering its prior arbitration order in light of what we say are changed circumstances in law. Second, whether the district court erred in deciding a class action waiver applied only in arbitrations and not in class actions. And third, whether the district court erred or abused its discretion in certifying the class, which consists of the two claims now of fraud and DTPA. Turning first to the first issue regarding the motion to reconsider, this does present somewhat unusual circumstances, and I feel like that TV character in Poltergeist that they're back. But there are, the significance here is that the district court said, I'm not going to consider anything that happened, I'm not going to consider new facts, it's law of the case. And therefore, there are at least three exceptions. We think all three apply in somewhat varying formats. Can we still construe all facts in favor of the plaintiff on the motion to reconsider? No, because the court, new evidence was presented to the court in connection with the motion to reconsider, and it considered that evidence, and that is now the record. You can draw inferences from that in favor of the plaintiff, I believe, but you can't ignore, we would contend, for example, the summary judgment ruling where the court said, as a matter of law, there is no malicious prosecution because there was no initiation. What impact, if any, on this would the dismissal of the malicious prosecution claim have? Well, the trial court specifically in its motion denying our request for arbitration specifically referenced that claim and said they've alleged you initiated a criminal prosecution and have a malicious prosecution claim, and therefore, if you had proceeded in that criminal prosecution, you would have impacted that claim, and therefore, you would have litigated it. The fact that there was no criminal prosecution of either of these two plaintiffs, and no one has presented any evidence that anyone that would be in this putative class was actually criminally prosecuted, is a new fact that undercuts the allegations they made, undercuts the district court's opinion, and undercuts this court's opinion in Vine where it specifically said we're going to assume the plaintiff's allegations are true. So that's the exact kind of thing the law of case doctrine exception seems to be geared towards, new facts. The evidence at trial, if you will, with summary judgment is different than what you allege, and without a malicious prosecution claim, which was sort of the basis of the invocation of the criminal justice system, things are radically different, and that would seem to require the district court not only to reconsider, but to reach a different decision on it. And that's really the essence of it. I mean, the plaintiff alleged, and the district court decided. What district court are we talking about? Because it did jump to the Eastern District of Texas. Yes, Your Honor. What you're appealing from is the denial of your second or third motion to reconsider. Well, there was only two, and if I just may briefly explain. The first judge, Western District, Judge Martinez, denied our first motion to reconsider. Then Cash Bay's Supreme Court decision came out. At a status conference, he invited the parties to brief whether or not that would change anything, and we did brief it. He never ruled on that except at an oral hearing, status hearing. He said, I don't think I'm going to do anything, but I'm going to transfer the case to the Eastern District, Collin County, because that's where all the plaintiffs are. We then, by then, filed a motion to reconsider in front of Judge Mazant. That's our second one, and he denied that, saying law of the case. That's why you're up here. That's why we're appealing here, Your Honor. Yes, correct. So it is, we are appealing the second motion to reconsider, which was brought in light of, now you've ruled on summary judgment, you now have Cash Bay's out there, and you now have the final, also, exception to law of the case, which is, was the decision clearly erroneous, and is there some injustice, manifest injustice in having it here? So we would contend all three apply. The easiest one is to change facts, or at least I would say the clarified facts, that we've now gone through the summary judgment process, and the essence of what the plaintiffs contend, which is we invoked the criminal justice system by criminally prosecuting people, turns out not to be true, never was true, and that has to have a material effect on it. But also, other allegations that the district court initially relied on, such as we threatened them with criminal prosecution, turned out not to be true, there was no contact between us, and no plaintiff or other person incurred defense fees in defending against a criminal prosecution, because there was, of course, no prosecution. They didn't have any fees to pay when they ultimately paid in response to the district attorney? They did. They did. They had to pay the statutory fees, which are a merchant fee of $30, and a DA fee, which ranged anywhere from $25 to $75. This court and the district court focused on the fact that the criminal prosecution would have required them, prejudiced them by requiring them to spend legal fees defending that, and the criminal prosecution resolution might affect their ability to defend in the subsequent arbitration, which those two were not true. We admit they paid fees, and if that alone is prejudiced, then there would be that, but that's not what was focused on, because when you look at... Okay, pause right there, because that may be the nub of it. If the record is conclusive that they did pay fees and lost time, why wouldn't that still suffice for prejudice, even if it wasn't the basis for the original district court and the panel majority's opinion? Because the court's focused not necessarily on, you know, when you, they don't concede or they don't disagree that they owe the debt, and that they had to pay the debt to the DA, and that they don't say that's a prejudice to us, and the process of that. What the cases focus on is, did our invocation of this in some way prejudice you, not just in general, but in the subsequent litigation we're going to have, because that's really the point. I can invoke the process, but if it's... That is to say the arbitration. Correct, Your Honor. Correct, Your Honor. What's the best case that says that, because I was trying to wrestle with that. Is it that, if it's prejudice to defending in the arbitration context, and your client invoked that, favored immediately, I'm not sure the little fee issues would somehow prejudice that. I don't have other, the cases just generally speak of that, and we focused on what the district court focused on to see whether that was true. So there is no case that says, I mean, obviously this is not out there, and the Texas Supreme Court didn't really address prejudice, so you don't really have guidance in any other context on it. But I would, both the language of this court in European and the language of the district court focused on, did the invocation of the criminal process prejudice them subsequently, because that's the whole point. That's why you can file a lawsuit, and they may even have to pay some fee in it, but you wouldn't have waived your arbitration right under it, the mere fact of that process. So we would contend that you need something more than just the statutory fees you paid as part of the invocation of the criminal process on it. But finally, I would just address two other issues before moving on, which is, this is kind of an unusual context, because you don't have the classic controlling law change, where the Supreme Court ruled something different that you would come back and say. But you do have a clarification of the law this court relied on, if you will, and you do have a controlling law change in Texas that my client still operates under, if you will. I mean, Texas-based people have to live under what the Texas Supreme Court did in cash bids. This court relied on the dissent, and also the Court of Appeals case. So you do at least have that part of it, which is the law this court relied on when it looked to other courts has changed. And finally, you have the unfair injustice, which is, this court's opinion in Vine was not precedent. It's not published. So it really only can be cited in the context in which I'm here in front of you today, which is law of the case. In effect, we're the only ones now that suffer under this duality of everyone else under Texas is going under cash bids, but we're under this narrow exception, and I would contend that is an unjust result. Turning from that issue, I do want to address the two other new issues. First is the class action arbitration waiver. The district court concluded because the language in a box called the jury waiver and arbitration provision had a waiver that the waiver must only apply in the class action context. As this court knows, you can't have a class action arbitration unless the parties explicitly agree to it. This contained a waiver of it. That was in error, and therefore we contend even if we waived our right to arbitrate, we didn't waive our right to not have a class action in court. Three quick arguments that elucidate this. First, the black box language, which is in the appendix of the contracts, actually is entitled jury waiver or waiver of jury trial and arbitration provision. So you have the duality of both talking about litigation and arbitration. When you actually get to the specific waiver language, it talks about a waiver of class action litigation and class like arbitration. Those are two different concepts. One applies to litigation, one obviously applies to arbitration. The district court felt, well, this is in the arbitration provision, so it must mean arbitration, but that would by necessity eliminate, render useless, the class action litigation waiver. Finally, third, if you read the entire provision, it contains both litigation and we would contend arbitration language, and therefore applies based on its face to both. Finally, if you actually read the entire agreement, you'll see there is an ability for a particular customer to opt out of the arbitration provision by writing a letter to our address and opting out. Therefore, this agreement evidences an intent not just to deal with arbitrations, but the possibility one person may wind up in court. And it's pretty clear we would suggest from the language that the agreement waives and tries very hard to ensure that there won't be any class actions, whether in arbitration or whether in court. Think about it from this common sense perspective. What party would waive class action arbitration but leave open the possibility of class action litigation? And therefore we think that from a substantive standpoint, even if we waived our right to be in arbitration by filing criminal proceedings, we did not waive the contractual right that these plaintiffs can't serve as class representatives and the class members that the court certified can't serve as class members. We would waive the right for all of them to sue us individually but not as a class. Finally, third, turning to the class action certification, we think the court made two errors. First, the court certified did not certify fraud claims except in the following context. You, PLS, made a misrepresentation to the DA that these were not postdated checks in the form you submitted, the worthless check affidavit. And that is a misrepresentation these plaintiffs can sue you on. First problem we raised was, well, it wasn't to the plaintiff. Court cites Ernst & Young v. Pacific Life, the old 2001 Texas Supreme Court case in the auditor context, which dealt with the issue of can you make a representation to someone and a third party sue you on it? Supreme Court said you can, but the representation has to get to the plaintiff ultimately and they have to prove you, the defendant, specifically intended it to get to them and that they rely on it. Now, in this context, unfortunately, that is either not there as an element, I mean they've not proven that, or it is an endless individual inquiry because they'll have to show for each class member that they got the worthless check affidavit. Now, by the way, what we know about the plaintiffs, since we have their letters, is the DA would send the letter with the worthless check affidavit. So, but they'd have to show that happened in each case, but that's not the end of it. They'd have to show each plaintiff or class member got it, reviewed it, looked at the part where we said it was, we swore it was not a postdated check, see the part where we also wrote it was a postdated check, the affidavits are inconsistent in that regard, and then relied on that, not the DA's letter, but on the worthless check affidavit to write a check and pay it. Without that specific inquiry, you cannot meet the test of Ernst and Young, and that is the ultimate we would contend individual inquiry. The second problem is the district court said, well, I know how to solve that, we'll just presume reliance and cite this court's case in Torres, which was the RICO case, dealing with whether or not you can require reliance in the RICO case. We contend that's vastly different, because in the Torres case, you are proving causation through reliance, and you're talking about a pyramid scheme where the theory is no one would join a pyramid scheme if they didn't think they would make money, and if they were told this pyramid scheme is a loser for you, they wouldn't join. But that's proving causation. Ernst and Young require something different under Texas law, which is individual reliance. Not that you can infer it, and if you actually look at the Ernst and Young v. Pacific case, they tried that route, can we presume reliance. They submitted affidavits from industry experts saying everyone relies on audit reports, that's the point of them. Auditors know, bondholders, potential investors, get audit reports and rely on them. And the Texas Supreme Court in that case, and affirming it in Graham Thornton ten years later in a similar case, said that's great, but foreseeability is not the issue in a third-party representation. Direct intent to rely. You have to show we knew and intended the worthless check affidavit to get to the plaintiff, and that the plaintiff would do something on that basis. Finally at the end, what the plaintiffs allege and what the district court seemed to hang its hat on is, well you told the DA a lie, and the DA went off and threatened these people with criminal prosecution, and that's enough. Unfortunately, not for fraud, and not for a third-party representation. That does not satisfy him. For those reasons we think the district court erred on those three issues, and I'll yield the balance of time to my rebuttal. Thank you. May it please the Court. Excuse me. My name is Daniel Duco. One of the issues that I would like to raise first is whether this Court has jurisdiction to decide the appeal related to the arbitration. As the Court is aware, the United States Supreme Court has held in Boonchicks v. Becton that this Court is without jurisdiction to review a case on the merits when the notice of appeal is not timely filed. The issue in this case is whether the notice of appeal related to arbitration was timely filed. In this case, there is not one, not two, but three motions for reconsideration. This is an appeal of the third motion for reconsideration. They can call it whatever they want, the second motion for reconsideration, and say it was a status conference, but it is very clear based on the record and based on the filings that they made in the district court that they filed a reconsideration after the cash biz decision came out. In fact, their motion states, quote, the law compels this Court to reconsider its prior rulings in this case. Another quote, the Court should reconsider its prior order denying defendants motion to compel arbitration. Finally, in their prayer, PLS asked, respectfully request the Court reconsider its order denying defendants motion to compel arbitration. They had a second bite at this apple and made a motion for reconsideration after cash biz came out. At an oral hearing, the Court made an oral ruling deciding that it was going to deny the second motion for decision in PLS, not by the state court's decision. They had 30 days from that date to file an appeal, and they didn't. They sat on their hands. And within those 30 days, did they then move to reconsider? They did within the 30 days the third motion, correct? No, absolutely not, Your Honor. When you say there was a third motion, that was submitted to the Eastern District of Texas? Yes, Your Honor. Okay, but that was beyond the appeal time from the adverse decision in the second? Correct. And yet, if they had a separate ground than the one stated, I think this is what you're acknowledging, then you wouldn't say they're time barred, correct? Well, I... If they're appealing from an adverse ruling as to a different evidentiary or legal predicament that the third motion described to the Court, if it were different. And I'm trying to get some clarification from what you're saying. Are you saying that if there was a separate ground between the second reconsideration and the third reconsideration? Yes. I would argue that, first of all, there was no separate ground. But secondly, if there was some sort of separate ground, then I could understand why they would file a motion for reconsideration. But they did not move for a third reconsideration on a separate ground. They moved for a third reconsideration on the exact same ground that they moved for the second reconsideration. In fact, they moved for it on the exact same ground that they moved for the first reconsideration. There's a very important point that keeps coming up, and they chose their reply and they chose their argument to make this. In fact, it was bold and capitalized in their reply. Plaintiffs do not dispute that they made false allegations to the district court and this court or that the arbitration order and Vine 1 are predicated on the truth of these false allegations. That is simply not true. The argument that there is some sort of new evidence or the argument that we claimed they this court denied the motion or affirmed the trial court's denial of the motion to compel arbitration is false. There's no cite in the record other than them citing to their motion for summary judgment argument. And I would invite them when they come up here to cite any part of the record in which we say that any part of this court's decision or the trial court's decision was based on our allegation that they criminally prosecuted people. When you look at our complaint, Your Honor, at 423 in the record. You know I was in the dissent, of course, but I thought that the majority, and I did go back and look at it, did say that they were defending against malicious prosecutions. No, they were defending against because they threatened borrowers with criminal action and they wrongfully initiated criminal proceedings. It had nothing to do with the malicious prosecution. It had something to do with them initiating the criminal proceedings. It's a fact and we can't relitigate it because it is law of the case, but now we know there never was an initiated criminal proceeding. The most there was was the letter that says, if you don't pay in ten days, we're going to get a warrant. But that may be. We're going to argue this again. Okay. No, and I can't argue it. You won that before. So in your view, if we don't find that it's time barred, would their only relief to get out of the duality predicament he's described, that they're operating in Texas where it's not as expansive, but they in federal court on diversity they would be, would be to go to our full court? Is that the, is that the, we don't have authority to rest, to deviate from law of the case. Respectfully. Is that true? Yes. Respectfully, your honor, the law of this case, they can cite cash is all they want as a similar case. There is an identical case and that's the law of this case. This case, this court already decided that they substantially invoked the judicial process. Not, there are no new allegations. There are no new facts. The only thing that happened that they claim is that the malicious prosecution claim was dismissed, but that's because it had a two year statute of limitations and that's because the facts didn't support that cause of action. All of our dismissals, the record reflects there were dismissals of prosecutions that were never even initiated. No, we're talking about the summary judgment in which the district court dismissed the malicious prosecution that that was the allegation they made your honor. We simply don't know whether or not. This is now a class action lawsuit. We don't know whether or not people were prosecuted. That's an important point that needs to be made. We know the named plaintiffs weren't, but we know the name plans weren't for a very important reason. They paid the loan and they paid the fines and fees. How would they be typical then of others? Well, they would be typical of others because they were forced to pay fines and fees. If you were prosecuted, you would then be forced to pay the fines and fees. It's the exact same fines and fees that you would pay whether you're prosecuted or whether you're not prosecuted. But there's something that's very important about this and that is there is nothing in the record that points to the fact that the decision in Vine in this court's case and the decision of the trial court is based on the fact that there are allegations of criminal prosecution. It's based on the fact that they initiated criminal prosecution and that's the reason why the decision was made. Now, back to the issue related to the appeal, one of the questions the court asked was whether or not the third reconsideration was within the time frame of the second reconsideration. The timeline shows that on May 15, 2018, the trial court denied the second motion for reconsideration. July 24, 2018 was when the third reconsideration was filed. So that is well outside the 30-day window. So the issue in this case was decided by this court in Charles v. New England Independent School District and that is we have squarely held that when an appellant files a second motion to reconsider based upon- I'm going to interrupt you because you were pretty- I think I'm reading from Vine 1, right? Vine and Pond would have borne the cost of defending against any theft by check prosecution. Right? And that's- isn't that the panel majority's- What portion of Vine? Can you read the whole- if the court doesn't mind? Vine and Pond have also demonstrated detriment or prejudice from PLS's submission of worthless check affidavits. Here Vine and Pond would have borne the cost of defending against any theft by check prosecution. Right. But if there were no prosecution- Right, but that's bearing the cost. That's looking at prejudice. We're looking at the second issue. The second issue would be whether or not they suffer prejudice. That was not the decision based on whether or not there was waiver. That was determining whether or not there was prejudice. But speak to that if the facts have changed as to that. Well, the facts have not changed because they still would have borne the cost. They still would have had to go down to the district attorneys. They would have had to miss time from work to go down to pay payments. The record shows one of them paid payments and had to miss work to go down every couple of weeks to pay payments. They are still bearing the cost of having to pay this off. More importantly- What's the best- I asked him the same question. What's the best case that that's prejudice to defending an arbitration? Well, I think the answer to that is the best case is the series of cases that hold that payment of fines is prejudice. And that's important because they all paid fines. And the case law is very clear from this court and from other courts that the payment of fines can be prejudice. And that's exactly what we have in this case. No matter prosecution or not, they all paid fines that they would not have to have paid if they didn't go to the criminal courts instead of going to arbitration, which the arbitration clause required. So those are the most important cases that are cited in my brief, which is there is absolutely prejudice as a matter of law because they all paid fines and fees that they wouldn't normally have had to pay. And there's no doubt in the record, PLS isn't reimbursing them those costs? No. As a matter of fact, I cited directly to deposition testimony in which after they realized what they had done, they started mailing checks to people. And one of my clients did not get a check. The other one got a check, but only for the loan amount, not for the amount of the fines and the fees. And she testified very clearly, and it's part of the record, that she paid the fines and fees and they were not reimbursed. So there is no dispute that all of the people, in fact, the Collin County District Attorney laid out a list of people, including all of them, paid fines and fees anywhere between $100 and $120. And so... Why did they refund the loan? Because they knew what they did was wrong. They refunded the loan after I filed this lawsuit. And so after I filed this lawsuit, they then started mailing people back the loan amount, which is not in dispute. I wasn't sure why they did that because... You weren't entitled to that. What's that? I'm sorry. You weren't entitled to that. Right. I never asked for that. That's not part of this lawsuit. I think they did it to try to appear to be good people. I think they probably did it because they recognized what they did was wrong, they shouldn't have done it. And so when they took the depositions, they were very proud of the fact, we mailed you back this money, we mailed you back this money. What's the value of the class action? The value of the class action is not huge, Your Honor. I mean, to use this court's term, a negative value case. It is hundreds of dollars per person. The only value is attorney's fees? No, Your Honor, because the district court has allowed fraud, and there's also a state court statute which allows treble damages for their violations. So there is a treble damage. But it is a small case. But this is exactly the kind of case that class action is built for. We all read articles about people who abuse the class action system, and I understand that that exists. How do you respond to the argument about the reliance, the Ernst and Young argument about reliance and its impact on the class? Well, that's important, Your Honor, because the record shows that it is impossible for the borrowers who are relying on our misrepresentations and our fraudulent lies, for lack of a better term, to the district attorney. Because what happened was, and you can see from the record, that when they submitted these false affidavits, they started to get paid back the loans. And so they were paid back these loans over a two-year period. And so it's not as if the district attorney showed up one day and said, here's a check, you know, everything's good, and they thought to themselves, wow, I didn't know that they were relying on my false affidavits. As the district attorney is mailing out the letters that they knew were going to be sent, because it says in the worthless affidavit, we are going to collect this money for you, the borrowers are then paying back to the district attorney, who's then giving the money to PLS, and PLS is taking money in through this two-year process. So it's impossible under the Ernst & Young standard and the Torres standard to say that they had no understanding as to the reliance, because the reliance was an ongoing process that started from the day they filed the affidavits for two years, if not longer, maybe even still going on. So Your Honor, under the Ernst & Young standard, they knew it was going to get to the plaintiff. That's the first prong, because the affidavits that their employees signed said, we're going to collect this money from you, we're going to probably criminally prosecute, we're certainly going to send out information that says we're going to criminally prosecute you, and they also specifically intended that it get to the plaintiff, because it's some sort of, it doesn't really make any sense, if they went to the district attorney's office to they submitted false checks when they knew that they didn't, and they wanted to get their loan back, it's impossible for them to stand up and say that they didn't intend for that to get to the plaintiff. That was the only way they were going to get their loan back, is if this information got to the plaintiff, and that's exactly what happened. But back to your question, Your Honor, we know that it got to them, and we know that they know, because this was an ongoing process in which they were paid over time. So the next issue, Your Honor, is whether or not class action waiver applied. Before you move on from that, do you have any case or cases that stand for the proposition that reliance, where a court has held that in a fraud case, that reliance can be based class-wide on circumstantial evidence, such as what you're describing? I mean, you're making an assumption that they acted upon information. Your Honor, it's not an assumption, respectfully. It's not an assumption. We know that that's the fact, because it's impossible for them not to know it, because they signed an affidavit saying it was going to happen. That is not an assumption. They knew it was going to happen, because the affidavit specifically states, we are going to go to the borrowers, and we're going to collect this money for you. So it's not an assumption. But to answer your question, Your Honor, both the Torres and the Ernst and Young case stand for the proposition, and I don't know if they were class cases, so to answer your question on a class-wide basis, I don't know. But I do know that both of those cases stand for the proposition that as long as they had some intent that it get to the borrower or to the plaintiffs, then there can be reliance and they can be held responsible for that reliance. So those are the cases that I would rely on. Additionally, the district court, when it was transferred, the district court relied on the exact same cases and a few other cases to stand for that proposition. So the next issue that needs to be addressed is class action waiver. The class action waiver, as the court is aware, is part of the arbitration clause. They drafted a seven-page loan document. They put in the provisions they wanted to put in, single-spaced, many different provisions. The only class action waiver is located within the arbitration provision. In fact, one of them has a box where it says, this is the arbitration provision, and the only class action waiver is located within that arbitration provision. So we know, based on the cases, including Meyer, In Re Rivers, and in fact, the Cash Reimbursement Act, that the arbitration clause is waived, the class action is waived. This court has already held that the arbitration clause was waived, therefore the class action waiver is waived. And that is the analysis the district court used, and the district court, in our opinion, did not abuse its discretion in ruling that the class action waiver was waived, especially in light of this court's decision in the first appeal. Finally, Your Honor, the borrower satisfy Rule 23A and B3. The standard that they want to apply is the Berger standard, but that's not the standard that applies, according to this court, in negative value cases. In negative value cases, as In Re Heartland Payment Systems analyzed all the cases within this district and held that Berger's generic standard has not been applied to the Fifth Circuit outside of the security context, although some district courts in the circuit have extended it beyond the security cases. Courts have not extended the Berger requirements to a negative value consumer class action such as this case. As stated before, this is exactly the kind of case that a class action lawsuit is intended for. There are many plaintiffs. We know the plaintiffs. We can identify them. They all have very similar damages, identical facts, identical scenarios. There is not much difference in between them, maybe $20 here or $40 there, and all of that can be determined with simple calculation. There is nothing within the Berger standard that requires that a case like this be determined as to whether or not they know about the case or are actively involved in the case, and they clearly testified that they know enough about the case and want to get engaged in the case, even if the Berger standard applies. They are class representatives. But before my time is up, I would like to reiterate a couple of points, and that is, this is the second appeal from an identical decision that this court decided. CASBIS did not change the law in this court. It didn't change federal law. It didn't change the law that's set forth by this court in your dissent, in the opinion that was issued. The law of this land is the case that was issued in the Vine v. PLS the first time. We asked this court to uphold that law. More importantly, we asked this court to look at the issue of whether or not somebody can file a third reconsideration well outside the time frame and then appeal that. If this court allows that to go forward, this court is going to have even more cases than it already has. And I will end on the Charles v. New England School District case, which this court decided. We have squarely held that when an appellate files a second motion of reconsideration based on substantially the same grounds as urged in their early motion, the filing of the second motion does not interrupt the time for appeal, and the appeal must be dismissed. This case, the only issue that should be decided by this court is the class action and whether the trial court abuses discretion. We believe the only reason why we are up here is because they want to take another shot at the arbitration. In fact, the class action issue is basically an afterthought in their briefs. This case should not be re-litigated. It should not be re-decided. The case that was decided by this court should be upheld, and we ask this court to affirm the trial court's ruling. If it may please the court, first let me address the waiver issue. To address Your Honor's specific question, the District Court in the Western District of Texas, Judge Martinez, issued an order requiring a status update on April 20, 2018 to address cash bids only. The parties filed status updates, not motions, on April 27, 2018. At a routine status conference Judge Martinez typically holds, it's a docket call, on May 15, 2018, he said he probably wouldn't take any action on their status updates and questioned why the case was in his court since all the putative plaintiffs' class members appeared to be in Collin County. He then, the next day, issued a show cause order requiring each party to say whether or not they opposed or thought the case should be transferred. That was then filed shortly thereafter. He transferred the case on June 25, 2018, and upon transferring of the case, we filed what we believe is our second motion to reconsider on July 24, 2018. First, there was no motion to reconsider. We filed. We responded to an order of a status update. Second, the issue was limited to cash bids because the court recognized this might have some impact. Third, the court disavowed ruling and jurisdiction on the case and instead said, I should transfer this case. Even so, we do raise new issues, which is the change facts, which was not part of the status update, and the unfairness, clearly erroneous standard of law of the case. So those are new grounds raised in a second motion to reconsider. I know it seems like we're continually coming back, but this is unusual. You had these two competing cases. You had the Texas Supreme Court issue a ruling. You had this court's ruling, and you had a summary judgment process when everyone was relying on facts as alleged, and therefore, we think not only are we timely, because we are in 2019, which then occasioned this appeal, and therefore, we think we are timely with that. Second, I want to address briefly the issue of damages. To your honor, it is a small class. Judge Mazant believes, based on his class definition, there's maybe about 80 class members total on it. The problem is that we don't really dispute the fees part would be easy, and that would not block certification. But at page 37 of their appellate brief, the plaintiffs say they're also seeking fraud slash punitive damages, and even they admit at page 37 that would be an individual inquiry. Now, we don't know what those fraud damages are, whether that's loss of employment or a credit score. They seem to disavow it. Judge Mazant simply, district court, set it aside and said, well, I'll just have individual trials for damages. But obviously, practically speaking, you can't have 80 individual trials on the issue of damages, and therefore, we think the damages issue precludes certification, although typically damages doesn't block you. In this case, we think it would because of the individual nature. Next to the issue of prejudice, which your honor raised, two things. First, I will cite the court to two cases, and they were, in our brief, they were also in the district court, the original district court's memorandum opinion. First is Nicholas v. KBR, and the other is Wilson v. Baker. In Nicholas, the quote that the district court relied on is, prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position. Wilson, in the district court cites, picks it up and says, one way you can be prejudiced is the issue of issue preclusion, meaning you lost in the criminal case, got convicted, and now you're impaired when they want to go arbitrate against you on it. And then, at page 19 of the district court's memorandum opinion, he, the court, relies on that and says the plaintiff's legal position would be compromised in a civil action if plaintiffs were convicted by theft of check, because the standard of proof in a criminal case, they would not be able to defend in the arbitration. That turned out not to be correct, not accurate, I should say, it didn't happen, because there were no criminal convictions to it, and that's the prejudice the cases speak of. This court then picked that up when it affirmed it, and relied on the same potential injury that might happen to them. There's no doubt if they had been criminally prosecuted and had lost in a criminal case, there would have been prejudice. But the fact that the DA sent a letter and they paid, even if there's statutory fees attached to it, does not impair their legal defenses in a subsequent arbitration. No issue preclusion, no fees or costs that they expended in defending that they now have to redo. So that's a key issue on it, and keep in mind, obviously, to have a waiver, you have to both is it. So finally, at the very end, I'll just leave the court with this. This is not a referendum on the payday lending business, nor on the collection practices. We did refund their money, which we think goes to show that there wasn't a scheme, because this was done, as we allege and say in our brief, by a few rogue employees. With that, I'll conclude. Thank you, Your Honor. Thank you both. And we have that case submitted.